FILED
2015 Jul-01  PM 01:42
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| ANTONIO DEVAL GLOVER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 7:15-cv-08006-LSC |
| | ) | (7:10-cr-00234-LSC-SGC-1) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OF OPINION

### I. Introduction

This is a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, filed by Petitioner Antonio Deval Glover on March 2, 2015. (Doc. 1.) Glover contemporaneously filed a brief in support of this motion. (Doc. 2.) He challenges his 160-month sentence resulting from his pleading guilty to a carjacking charge under 18 U.S.C. § 2119. For the reasons set forth below, his § 2255 motion is due to be denied.

### II. Background

Glover pleaded guilty to carjacking on November 30, 2010, stemming from an event where he used a box cutter to force the victim into the passenger seat and

then out of her car after biting her ear and beating her head. He also made the victim's two young children get out of the car in traffic, and proceeded to drive the victim's car to Florida. Glover was sentenced to serve 160 months in prison followed by 36 months of supervised release. Judgment was entered on March 25, 2011. (Cr. Doc. 26).

Glover timely appealed based on reasonableness grounds. On August 6, 2012, the Eleventh Circuit Court of Appeals affirmed the district court's decision. (Cr. Doc. 39). Noting that the court used the 18 U.S.C. § 3553(a) factors appropriately in determining the 160-month sentence, the Eleventh Circuit held the conviction was reasonable procedurally, but also substantively, emphasizing Glover's previous record, which contains convictions for domestic violence, harassment, resisting arrest, and assault. Due to the seriousness of his offense, the Eleventh Circuit held that a sentence within the guideline range was appropriate to "reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to deter Glover from further criminal activity, and to protect the public." (Cr. Doc. 39 at 4-5.) The judgment on appeal was entered on September 10, 2012. Glover did not file a petition for certiorari, making his judgment final for purposes of waging a collateral attack on December 10, 2012, ninety days after the appellate judgment.

Two and a half years later, on March 2, 2015, Glover filed the instant *pro se* § 2255 motion in this Court. He asserts one ground for his relief: that new legal authority indicates that his 160-month sentence is too severe. (Doc. 1-2 in this action.)

### III. Discussion

Glover failed to file his § 2255 motion within the one year limitation period beginning the on the date the judgment of his conviction became final; therefore, his motion is untimely. *See* 28 U.S.C. § 2255(f)(1); *see also Clay v. United States*, 537 U.S. 522, 525 (2003) (stating "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction"). Glover concedes that his motion is untimely and has requested the Government to waive this defense. The Government refuses and consequently requests this petition be dismissed. (Doc. 4 in this action.)

Under § 2255, the time limitation may be longer than one year after judgment becomes final if the Supreme Court has recognized a new right that is asserted by the petitioner. *See* 28 U.S.C. § 2255(f)(3). However, the one-year time limitation in § 2255(f)(3) for a motion based on a new rule of law starts on the date "which the right asserted was originally recognized by the Supreme Court" and only applies in cases where the right is not only newly recognized but also made

applicable retroactively to cases on collateral review. *See* 28 U.S.C. § 2255(f)(3); *Dodd v. United States*, 545 U.S. 353, 358-59 (2005).

Glover cannot avail himself of § 2255(f)(3). Glover bases his "new legal authority" on *United States v. Holloway*, a decision out of the Eastern District of New York. *See* Nos. 95-CR-78 (JG), 01-CV-1017 (JG), 2014 WL 3734269 (E.D.N.Y. July 28, 2014.) Specifically, Glover claims he is entitled to resentencing because the district judge in *Holloway* vacated two of the defendant's convictions on collateral review. In *Holloway*, the district judge requested that the United States Attorney exercise her discretion to agree to an order vacating two of the carjacking convictions; she complied with the court's request and agreed to the order. *Id.* at *3. Glover asserts he is entitled to the same result and that his 160-month sentence is too severe. The new legal authority Glover uses in support of his motion is not a newly recognized right from the Supreme Court that has been made retroactively applicable to cases on collateral review. Glover fails to assert a new legal authority that justifies vacating or lessening his sentence.

## IV.   Conclusion

Because Glover does not meet the criteria for using a new rule of law as defined in 28 U.S.C. § 2255(f)(3), his motion is time-barred, as the limitation

period for § 2255 ran from the date his conviction became final. *Clay*, 537 U.S. at 524. The motion is due to be denied and this action dismissed with prejudice.

A separate order consistent with this opinion will be entered.

**DONE** AND **ORDERED** ON JULY 1, 2015.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704